UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. WASKO,<br>Petitioner,<br>v.<br>CAPTAIN MALOTTI,<br>Respondent. | NO. EDCV 11-806-GW (AGR)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED |

For the reasons discussed below, the Court orders Petitioner to show cause, on or before ***June 30, 2011***, why the Court should not recommend dismissal of the petition based on abstention.

**I.**

**SUMMARY OF PROCEEDINGS**

On May 23, 2011, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). Petitioner is a pretrial detainee awaiting trial. *See Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (pretrial detainee's

///
///
///

request for federal habeas relief is properly brought under 28 U.S.C. § 2241(c)(3)).[1]

Petitioner lists the following grounds for relief: (1) a *Miranda* violation; (2) a Fifth Amendment right to a fair trial based on false statements and threats; (3) false imprisonment; (4) failure to follow state and federal policy regarding storage of weapons; and (5) false witness statements. (Petition at 5-6.)

## II.

## **DISCUSSION**

"As an exercise of judicial restraint, . . . federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85, 91 S. Ct. 674, 27 L. Ed. 2d 701 (1971); *see also Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) (in general, federal court should not interfere with ongoing state proceedings).

Abstention from interference with pending state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, and afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982). Here, all of the prerequisites to *Younger* abstention have been met. *Younger* involved criminal proceedings. The proceedings are

---

[1] Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. However, the Court construes it as a § 2241 petition.

ongoing. Petitioner's claims here involve California's important interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Finally, nothing prevents Petitioner from raising his federal claims in state court, either at the trial level or at the appellate level. Therefore, the *Younger* abstention applies.

In *Carden*, the defendants moved for a dismissal in state court alleging a violation of their right to a speedy trial. *Carden*, 626 F.2d at 83. Although the trial court granted the motion, the Montana Supreme Court reversed. *Id.* The Cardens sought federal habeas relief, and the Ninth Circuit held that they had "not demonstrated the type of 'special circumstances' which warrant federal intervention." *Id.* at 84. Nor had they shown "how they will be irreparably injured by waiting until after trial to assert their speedy trial claim." *Id.*

While serving a sentence on another matter, Petitioner was charged with attempted grand theft in San Bernardino Superior Court Case No. FSB 1100390 ("*People v. Wasko*"). (Petition at 3.) Petitioner alleges there was insufficient evidence to charge him, as a result of which "investigators fabricated a statement and <u>forced</u> another inmate worker . . . to go on record after the investigating officers made threats to the inmate and his family if he wouldn't cooperate with them and provide a false statement." (Petition Attached at 1 (emphasis in original).)

According to the San Bernardino Superior Court's online docket,[2] on March 3, 2011, Petitioner had an in custody arraignment. *People v. Wasko*, Actions.

---

[2] The Court takes judicial notice of the state court docket. *See Headwaters Inc. v. United States Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case).

On May 25, 2011, Petitioner had a preliminary hearing and was held to answer. *Id.*, Actions & Minutes. Petitioner is scheduled to be arraigned on information on June 6, 2011. *Id.*, Actions.

Petitioner has not demonstrated any "special" or "extraordinary" circumstance why this Court should not abstain from entertaining his petition. Nor does any exception apply under *Younger*. The test for an exception under *Younger* is similar to that set forth in *Carden*. Petitioner must show he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of California in prosecuting him, or that the state tribunal is biased against the federal claim. *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124-25, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975); *Younger*, 401 U.S. at 46. Although Petitioner alleges bad faith on the part of the investigators, he does not allege bad faith on the part of the prosecutor. Moreover, since May 11, 2011, the date Petitioner signed the petition, a preliminary hearing has been held, and a judicial officer found probable cause to hold Petitioner to answer for the charges.

### III.

### ORDER

IT IS THEREFORE ORDERED that, on or before **June 30, 2011**, Petitioner shall show cause why the Court should not abstain from entertaining the petition.

**If Petitioner does not timely respond to this Order to Show Cause, the Court will recommend that the petition be dismissed without prejudice based on abstention.**

DATED: May 27, 2011

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge